IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RODNEY MANYON LANE, | : CIVIL ACTION NO. |
| GDC ID # 344423, | : 1:15-CV-03298-TWT-JCF |
|     Plaintiff, | : |
| | : |
| v. | : |
| | : |
| SGTS. R. BARLEY, W. PARKER JR., | : PRISONER CIVIL ACTION |
| A. FRALEY, MATHES & GRADY; | : 42 U.S.C. § 1983 |
| LT. S. McWILLIAMS, Fulton Cnty. Jail, | : |
|     Defendants. | : |

**MAGISTRATE JUDGE'S NON-FINAL
REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner confined at Dooly State Prison in Unadilla, Georgia, seeks 42 U.S.C. § 1983 relief from six officers employed at the Fulton County Jail ("Jail"). (Doc. 1). Plaintiff has received leave to proceed *in forma pauperis* (Docs. 2-3), and this matter is now ready for an initial screening.

**I.   The Legal Framework**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a

governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  A complaint is frivolous when it "has little or no chance of success"—for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives." *Id.* at 678-79.  To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

**II.    Plaintiff's Grievance Procedure Claim Fails.**

Plaintiff sues Sgts. Barley and Grady because they allegedly denied him access to the Jail's grievance procedure.  (Doc. 1 at 3).  But Plaintiff has no federal

2

constitutional right to a grievance procedure. *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) ("[A]s various circuits have held when ruling on an inmate's claim that he was denied use of a prison's grievance procedure, an inmate has no constitutionally-protected liberty interest in access to that procedure."); *see also Jernard v. Comm'r, Ga. Dep't of Corr.*, 457 Fed. Appx. 837, 840 (11th Cir. 2012) (citing *Bingham* and stating that the Eleventh Circuit "has specifically held that there is no constitutionally-protected liberty interest in access to a grievance procedure provided for voluntarily by a prison"). Plaintiff's allegations regarding his lack of access to the Jail's grievance procedure fail to state a plausible § 1983 claim for relief, and Sgts. Barley and Grady should be dismissed from this action.

### III.  Plaintiff's Handcuffing Claim Should Proceed.

It is not clear whether Plaintiff brings an excessive force claim or a medical deliberate indifference claim with respect to the manner in which he was handcuffed by Jail officers, but he has stated a plausible claim for relief under either theory.

#### A.  Excessive Force

In determining whether the use of force against a prisoner has violated the Cruel and Unusual Punishment Clause of the Eighth Amendment, a court must weigh the following factors: (1) the need for the use of force, (2) the relationship between the

3

need and the amount of force, (3) the threat that the prison official reasonably perceived, (4) the efforts made to temper the severity of the force used and (5) the extent of the prisoner's injuries. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see also Skrtich v. Thornton*, 280 F.3d 1295, 1304 (11th Cir. 2002) (noting that "[t]he law of excessive force in this country is that a prisoner cannot be subjected to gratuitous or disproportionate force that has no object but to inflict pain").

> "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry [in determining whether a prisoner has suffered unnecessary and wanton pain] is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

*Scott v. Hutton*, No. 7:14-cv-01347-CLS-HGD, 2015 U.S. Dist. LEXIS 109525, at *7 (N.D. Ala. July 17) (quoting *Hudson*, 503 U.S. at 6-7), *adopted by* 2015 U.S. Dist. LEXIS 108628 (N.D. Ala. Aug. 18, 2015).

Plaintiff presents the following allegations. He was brought from prison to the Jail on two separate occasions, in December 2014 and May 2015, for a hearing on his motion for new trial. (Doc. 1 at 4, 6-9). He has a special "cuff to front" medical profile, due to a gunshot injury to his right shoulder, and he showed the profile to Sgt. Fraley on each occasion, but Fraley ignored it, claiming that he cannot read. (*Id.* at

4

4, 6, 9). In December 2014, Fraley handcuffed Plaintiff with his hands behind his back and treated Plaintiff so roughly that his shoulder was dislocated and he was forced to seek medical attention rather than attend his court hearing. (*Id.* at 4, 6-7). Sgt. Parker observed this treatment and did nothing to prevent or correct it, even refusing to remove Plaintiff's handcuffs when ordered to do so after Plaintiff requested medical attention. (*Id.* at 7).

In May 2015, Plaintiff received the same treatment from Sgt. Mathes (at the Jail) and Sgt. Fraley (at the courthouse), causing him tremendous pain. Each officer was indifferent to Plaintiff's complaints of pain. (*Id.* at 8). Fraley even joked that he had made a state prisoner cry and then refused to take Plaintiff for medical attention upon his return to the Jail. (*Id.*). Plaintiff complained to Lt. McWilliams, who was supervising the prisoner transport and was aware of Plaintiff's medical condition, but to no avail. (*Id.* at 8-9).

Plaintiff has stated a plausible Eighth Amendment excessive force claim against all four Jail officers. *See Fundiller v. Cooper City*, 777 F.2d 1436, 1442 (11th Cir. 1985) ("[A]n officer who is present at the scene [of an arrest] and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance."); *see also Salvato v. Miley*, 790 F.3d 1286, 1295

5

(11th Cir. 2015) (same); *Skrtich*, 280 F.3d at 1300-01 (applying *Fundiller* principle in Eighth Amendment context regarding force used against a prisoner).

### B. Deliberate Indifference To A Serious Medical Need.

Plaintiff has also at least stated a plausible claim of medical deliberate indifference. The Eighth Amendment prohibits indifference to a convicted prisoner's serious medical needs so deliberate that it "constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotations omitted). "To prevail on a claim of deliberate indifference, a plaintiff must show: (1) a serious medical need; (2) defendant's deliberate indifference to that need; and (3) causation between the defendant's indifference and the plaintiff's injury." *McDaniels v. Lee*, 405 Fed. Appx. 456, 458 (11th Cir. 2010) (citing *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009)). "A 'serious medical need' is one that is diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the need for medical treatment." *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1317 (11th Cir. 2010) (internal quotations omitted). "To satisfy the subjective element of [a] deliberate indifference [claim, a] . . . Plaintiff must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Bozeman v. Orum*,

6

422 F.3d 1265, 1272 (11th Cir. 2005) (internal quotations omitted) (noting that subjective knowledge requires that defendant " 'must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* [] must also draw the inference' " (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (emphasis added in *Bozeman*)); *see also Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1158 (11th Cir. 2010).  Plaintiff alleges, as noted above, that he had a "cuff to front" medical profile to protect his damaged right shoulder and that the four officers from whom he seeks relief were aware of his profile, but they ignored his medical condition and in so doing inflicted upon him both injury and severe pain.

### IV. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claims against Lt. McWilliams and Sgts. Fraley, Mathes and Parker regarding the manner in which he was handcuffed for transport between the Jail and the Superior Court of Fulton County be **ALLOWED TO PROCEED**; and that his grievance-procedure claims, along with Sgts. Barley and Grady, be **DISMISSED**.

If the District Judge allows one or more of Plaintiff's claims to proceed, the Clerk is **DIRECTED** to resubmit this matter to the Magistrate Judge for further proceedings.

7

**SO RECOMMENDED** this 16th day of November, 2015.

      /s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge